UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PETER ALLEN DIXON,

           Petitioner,

   -vs-

GROVELAND
CORRECTIONAL FACILITY

           Respondent.
_____

**DECISION AND ORDER**

**No. 09-CV-00543T**

## I.   Introduction

*Pro se* petitioner Peter Allen Dixon ("Petitioner") has filed a timely petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his custody pursuant to a judgment entered September 26, 2006, in New York State, Supreme Court, Monroe County, convicting him, after a bench trial, of one count of Criminal Possession of a Weapon in the Second Degree (N.Y. Penal Law ("Penal Law") former § 265.03 [2]) and one count of Criminal Possession of a Weapon in the Third Degree (Penal Law § 265.02 [4]).

For the reasons stated below, habeas relief is denied and the petition is dismissed.

## II.  Factual Background and Procedural History

The conviction stems from an incident that occurred on October 25, 2005.  At approximately 9:00 p.m., police responded to a silent alarm from a store located at 348 Parsells Avenue in the

City of Rochester, New York.  Shortly thereafter, police arrested Petitioner after discovering a loaded handgun in his possession. Trial Trans. [T.T.] 19-29.

Following his arrest, Petitioner gave a statement to police wherein he admitted to possessing the handgun.  According to the statement, he purchased the gun and two loaded bullets "for protection."  On the night of the arrest, he accompanied a friend into a store on Parsells Avenue so that the friend could purchase a "blunt wrap."  Petitioner maintained that the gun was in his pants pocket when he entered the store, and that he tried to conceal it with his shirt so that the store owner could not see it. The store owner, who apparently noticed the gun, stated, "I hope you are not trying to scare me."  Petitioner, not wanting to make the store owner nervous, told him he was from out of town and meant "no disrespect."  Petitioner then left the store.  T.T. 41;  Resp't App. C at 9-12.

On November 4, 2005 Petitioner was indicted by a Monroe County Grand Jury and charged with Criminal Possession of a Weapon in the Second and Third Degrees.  See Resp't App. C at 7-8.  Following a bench trial (Affronti, J.), Petitioner was found guilty as charged. T.T. 76.  He was subsequently sentenced to concurrent determinate terms of imprisonment, the longest of which was three and one-half years.  Sentencing Mins. [S.M.] 13-14.

The Appellate Division, Fourth Department unanimously affirmed the judgment of conviction, and leave to appeal was denied. People v. Dixon, 50 A.D.3d 1519 (4th Dep't 2008) (Resp't App. A); lv. denied, 10 N.Y.3d 958 (2008) (Resp't App. G).

No collateral motions were filed.

This habeas corpus petition followed, wherein Petitioner seeks relief on the following grounds: (1) defects in the grand jury proceeding; (2) involuntary waiver of jury trial; (3) prosecutorial misconduct; (4) legally insufficient evidence; (5) ineffective assistance of trial counsel; and (5) cumulative error. See Pet. ¶ 22A-F (Dkt. #1); Traverse [Tv.] 3-17.[1]  All of Petitioner's claims are exhausted, and properly before this Court.

## III. General Principles Applicable to Habeas Review

### A.    The AEDPA Standard of Review

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), a federal court may grant habeas relief to a state prisoner only if a claim that was "adjudicated on the merits" in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

---

[1]      On November 5, 2009, Petitioner moved for an extension of time to file a Traverse. Dkt. # 8. On November 6, 2010, the Court (Hon. Leslie G. Foschio) granted the motion, giving Petitioner until February 16, 2010 to file a Traverse. Dkt. # 9. Petitioner filed his Traverse on February 19, 2010. Dkt. # 10. Also on that date, he filed a letter with the Court explaining why his Traverse was filed in an untimely manner. Dkt. # 11. Because it appears to the Court that Petitioner made a good faith effort to comply with the Court's November 6, 2010 Order and because he is proceeding pro se, the Court will consider Petitioner's Traverse timely filed and review it in conjunction with the habeas corpus petition.

Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or if it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." § 2254(d)(2). A state court decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). The phrase, "clearly established Federal law, as determined by the Supreme Court of the United States," limits the law governing a habeas petitioner's claims to the holdings (not *dicta*) of the Supreme Court existing at the time of the relevant state-court decision. Williams, 529 U.S. at 412; accord Sevencan v. Herbert, 342 F.3d 69, 73-74 (2d Cir. 2002), cert. denied, 540 U.S. 1197 (2004).

A state court decision is based on an "unreasonable application" of Supreme Court precedent if it correctly identified the governing legal rule, but applied it in an unreasonable manner to the facts of a particular case. Williams, 529 U.S. at 413; see also id. at 408-10. "[A] federal habeas court is not empowered to grant the writ just because, in its independent judgment, it would have decided the federal law question differently." Aparicio v. Artuz, 269 F.3d 78, 94 (2d Cir. 2001). Rather, "[t]he state

-4-

court's application must reflect some additional increment of incorrectness such that it may be said to be unreasonable." <u>Id.</u> This increment "need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." <u>Francis S. v. Stone</u>, 221 F.3d 100, 111 (2d Cir. 2000) (internal quotation marks omitted).

Under AEDPA, "a determination of a factual issue made by a State court shall be presumed to be correct.  The [petitioner] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1); <u>see also</u> <u>Parsad v. Greiner</u>, 337 F.3d 175, 181 (2d Cir. 2003) ("The presumption of correctness is particularly important when reviewing the trial court's assessment of witness credibility."), <u>cert. denied sub nom.</u> <u>Parsad v. Fischer</u>, 540 U.S. 1091 (2003).  A state court's findings "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 340 (2003).

**B.   Exhaustion Requirement**

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); <u>see, e.g.,</u> <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838,

843-44 (1999);  accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995).  "The exhaustion requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982) (en banc), cert. denied, 464 U.S. 1048 (1984).

### C.    The Adequate and Independent State Ground Doctrine

A procedural default generally bars a federal court from reviewing the merits of a habeas claim. Wainwright v. Sykes, 433 U.S. 72 (1977).  Federal habeas review is prohibited if a state court rests its judgment on a state law ground that is "independent of the federal question and adequate to support the judgment." Cotto v. Herbert, 331 F.3d 217, 238 (2d Cir. 2003) (quoting Coleman v. Thompson, 501 U.S. 722, 729 (1991)); accord Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000).  A state procedural bar qualifies as an "independent and adequate" state law ground where "'the last state court rendering a judgment in the case clearly and expressly states that its judgment rests on a state procedural bar.'" Levine v. Comm'r of Corr. Servs., 44 F.3d 121, 126 (2d Cir. 1995) (quoting Harris v. Reed, 489 U.S. 255, 262 (1989)).  A state procedural rule will be adequate to preclude habeas review if it is "firmly established and regularly followed," unless the state rule is "exorbitant." Lee v. Kemna, 534 U.S. 362, 376 (2002) (quoting James v. Kentucky, 466 U.S. 341, 348 (1984)).

A federal court may review a claim, notwithstanding the petitioner's default, if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman, 501 U.S. at 750; see also Levine, 44 F.3d at 126; Grey v. Hoke, 933 F.2d 117, 121 (2d Cir. 1991). A petitioner may establish cause by pointing to "some objective factor external to the defense [that] impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986); accord Coleman, 501 U.S. at 753. A petitioner suffers actual prejudice if the outcome of the case would likely have been different had the alleged constitutional violation not occurred. See Reed v. Ross, 468 U.S. 1, 12 (1984). Alternatively, even if the petitioner is unable to show cause and prejudice, the court may consider the claim if he can demonstrate that failure to do so will result in a "fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

## IV. Petitioner's Claims

## 1. Defects in the Grand Jury Proceeding

Petitioner argues, as he did on direct appeal, that the indictment against him should have been dismissed because: (1) hearsay evidence was adduced from a police witness at the grand jury proceeding; and (2) the prosecutor did not answer a question from one of the grand jurors. See Pet. ¶ 22A; Tv. at 14-16. The

Fourth Department rejected this claim.[2]  See Dixon, 50 A.D.3d at 1519.  As discussed below, this claim is not cognizable on habeas review.

It is well-settled that any possible defect in the grand jury proceeding is cured by a subsequent conviction.  See Ballard v. Costello, No. 01-CV-1000 (FB), 2001 U.S. Dist. LEXIS 18596, *6-*7 (citing Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989); Velez v. People of the State of New York, 941 F.Supp. 300, 316 (E.D.N.Y. 1996)); see also United States v. Mechanik, 475 U.S. 66, 70 (1986) (subsequent guilty verdict by petit jury renders any error in the grand jury proceedings harmless beyond a reasonable doubt). Accordingly, Petitioner's claim is not cognizable by this Court on habeas review.  The claim is dismissed.

## 2.   Involuntary Waiver of Right to Jury Trial, Prosecutorial Misconduct, and Legal Sufficiency of the Evidence Claims

In grounds two through four of the petition, Petitioner asserts, as he did on direct appeal, that: (1) the waiver of his right to a jury trial was involuntary; (2) the prosecutor engaged in misconduct on summation; and (3) the evidence was legally insufficient to support his conviction.  See Pet. ¶ 22B-D; Tv. 10-14, 16-17.  The Fourth Department rejected each of these claims on

---

[2]    The Fourth Department held as follows: "We conclude that defendant's challenges to the grand jury proceeding concern the alleged legal insufficiency of the grand jury evidence, and thus they are not reviewable upon an appeal from an ensuing judgment of conviction based upon legally sufficient trial evidence."  Dixon, 50 A.D.3d at 1519 (quotations and citations omitted).

procedural grounds because Petitioner failed to preserve them for appellate review.  <u>Dixon</u>, 50 A.D.3d at 1519.  Consequently, as discussed below, these claims are procedurally barred from habeas review.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground that is independent of the federal question and adequate to support the judgment.  <u>See</u> <u>Coleman</u>, 501 U.S. at 729. Here, the state court relied on New York's preservation rule (codified at N.Y. Crim. Proc. L. ("CPL") § 470.05(2)) to deny Petitioner's claims because they had not been properly preserved for appellate review.  <u>See</u> <u>Dixon</u>, 50 A.D.3d at 1519.  The Second Circuit has determined that CPL § 470.05(2) is an independent and adequate state procedural ground.  <u>See</u> <u>Garcia v. Lewis</u>, 188 F.3d 71, 79-82 (2d Cir. 1999);  <u>Velasquez v. Leonardo</u>, 898 F.2d 7, 9 (2d Cir. 1990).  The Fourth Department's reliance on New York's preservation rule is an adequate and independent state ground which precludes this Court's review of Petitioner's claims.

A finding of procedural default bars habeas review of the federal claim unless Petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  <u>See</u> <u>Murray</u>, 477 U.S. at 492;  <u>Wainwright</u>, 433 U.S. at 87-91 (1977).  Although, in his Traverse, Petitioner contends that

"his claims are meritorious and are not procedurally barred o[r] unreviewable[,]" he makes no showing of the requisite cause and prejudice to overcome the procedural default. Tv. at 2.  Nor has he demonstrated that this Court's failure to review the claims will result in a fundamental miscarriage of justice.  These claims, therefore, are dismissed as procedurally defaulted.

**3.   Ineffective Assistance of Trial Counsel**

Petitioner argues, as he did on direct appeal, that he was denied his right to effective assistance of trial counsel based on counsel's alleged "failure to prepare himself for the trial, file motions, and make timely objections." Pet. ¶ 22E.  Petitioner also asserts that, "[i]n addition to counsel['][s] busy schedule, he was unaware of [h]earings, plea offers and witnesses." See Pet. ¶ 22E. The Fourth Department rejected this claim on the merits.   See Dixon, 50 A.D.3d at 1520.   As discussed below, this claim is meritless.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would

have been different.  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding."  Id.  To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," id., and may not second-guess defense counsel's strategy. Id. at 690.

    The record reflects that Petitioner was originally represented by Attorney Timothy Davis of the Monroe County Public Defender's Office.  On January 5, 2006, attorney Davis filed an omnibus motion seeking to suppress identification testimony, Petitioner's statements to police, certain tangible evidence, and identification due to lack of probable cause.  See Resp't App. C at 31-35.  As a result, the trial court granted a Wade, Huntley, and probable cause hearing.  On March 20, 2006, the trial court convened for that hearing, at which time attorney Davis stated, on the record, that he had had discussions with his client, his client's family, and the prosecution, and that there was the possibility of a plea deal. Hr'g Mins. of 03/20/06 2-3.  Upon learning of the offer, the trial court granted Petitioner an adjournment.  Id. at 9.  Also at this court appearance, attorney Davis informed the trial court that

-11-

Petitioner and his parents wished to retain private counsel.  Id. at 3.  Petitioner does not challenge the assistance rendered by attorney Davis in the instant habeas petition.

On April 4, 2006, Petitioner appeared with his new attorney, Thomas J. Cocuzzi.  At this appearance, attorney Cocuzzi acknowledged that he was unaware that hearings were scheduled for April 7, 2006 and that trial was scheduled for May 8, 2006. Counsel also stated that he had another trial, and that it may not be over on April 7, 2006.  The trial court acknowledged the time conflict, and allowed the matter to be adjourned.  See Mins. of 04/04/06 2-6.

On April 10, 2006 attorney Cocuzzi wrote to the trial court, stating that, after reviewing Petitioner's case, he believed there were no factual issues present that required a hearing regarding the suppression issues raised by attorney Davis.  Instead, he asserted that the suppression issues may be decided, as a matter of law, based upon the submissions of attorney Davis.  Counsel also informed the trial court that he previously committed to commence another trial, on May 8, 2006, and suggested a later calendar date. See Resp't App. C at 99.

On May 2, 2006, attorney Cocuzzi and Assistant District Attorney Charles Moynihan appeared before the trial court.  At that time, the trial court judge stated that, "this matter was scheduled today for purposes of providing notification to the defendant of

his scheduled trial which is now set for May 30th . . . ." Mins. of 05/02/06.  Due to counsel's failure to notify Petitioner of the court appearance, the trial court rescheduled the matter.  The trial court also noted that "Mr. Cocuzzi will be making additional contact with the prosecution regarding a possible resolution of this case." Id. at 2.  On May 16, 2006, the trial court informed Petitioner, *inter alia*, that a trial date had been set.  T.T. of 05/16/06 2.

On June 1, 2006, Petitioner appeared for trial, and waived his right to a trial by jury.  T.T. 3.  At the outset of the case, defense counsel stated that Petitioner understood the issue presented in this case, namely, the intent to use the handgun. Counsel also waived or withdrew all previous requests for pre-trial hearings and stipulated to a number of facts and issues, including the following:  (1) that Petitioner's statement to police was not made due to coercion or threats or promises; (2) the identification of Petitioner by the store owner was proper; (3) Petitioner was given proper Miranda warnings before giving his statements to police; (4) the police had probable cause to arrest Petitioner; (5) the police came to the store due to a silent alarm; and (6) to the chain of custody regarding the handgun, magazine, and ammunition.  T.T. 7-18.

Here, although Petitioner provides the Court with a narrative statement (by way of his Traverse) outlining the various ways in

which counsel was allegedly deficient, his claim is, in sum and substance, a generalized expression of his dissatisfaction with attorney Cocuzzi's overall trial strategy.  As discussed above, however, the first prong of Strickland, requires an affirmative showing that counsel's performance fell below an objective standard of reasonableness.  See Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court stated that "there are countless ways to provide effective assistance in a given case," and that "even the best criminal defense attorneys would not defend the particular client the same way."  Id. at 689 (citation omitted).  When assessing counsel's performance, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. According to Petitioner, attorney Cocuzzi's trial strategy was unreasonable because he "basically stipulated that Petitioner in fact committed Criminal Possession of a Weapon in the Third Degree, and only mounted a defense to the crime of Criminal Possession of a Weapon in the Third Degree."  Tv. at 7.  Given the facts and circumstances of this case, the Court cannot find that attorney Cocuzzi's performance was deficient within the meaning of Strickland.

Petitioner was charged with one count each of Second Degree Criminal Possession of a Weapon and Third Degree Criminal Possession of a Weapon after being found by police with the weapon and admitting to his possession of it.  Prior to trial, Petitioner

was offered a plea bargain whereby he would receive a sentence of two years imprisonment in exchange for a plea of guilty to the count of Third Degree Criminal Possession of a Weapon.  Motion Mins. of 03/20/06 2-9.  Petitioner elected to proceed to trial. Based on the record before this Court, it appears that attorney Cocuzzi's trial strategy was aimed at gaining acquittal on the count alleging Second Degree Criminal Possession of a Weapon by focusing on the intent element of that crime.[3]  Petitioner asserts that "[he] could not have gained anything" from attorney Cocuzzi's trial strategy;  however, had Petitioner been acquitted of the Second Degree Criminal Possession of a Weapon charge, he would only have faced sentencing liability for the Third Degree Criminal Possession of a Weapon charge (a Class D felony).  See Penal Law § 265.02.  To this extent, the Court cannot find that counsel's trial strategy, although ultimately unsuccessful insomuch as Petitioner was convicted of both counts, was unreasonable under the circumstances.

In any event, Petitioner has not demonstrated that, but for Petitioner's alleged deficient performance, there is a "reasonable probability" that the outcome of his trial would have been

---

[3]      To prove this element of the crime, the People relied on the statutory presumption of intent to unlawfully use the firearm against another set forth in Penal Law § 265.15 [4].  As attorney Cocuzzi explained in his closing statement, however, the presumption relied upon by the People was a rebuttable one, which, he submitted, had been "rebutted by every description of [Petitioner's] . . . conduct that's been presented to [the] court."  T.T. 64.

different.  Petitioner's conclusory assertion that "[t]he errors in defense counsel's strategy made the Petitioner more susceptible to a conviction of the charges lodged against him" falls far short of this standard.  Tv. at 6.  Accordingly, the Court cannot find that the state court's adjudication of this claim was contrary to or an unreasonable application of <u>Strickland</u>, and the claim is dismissed in its entirety.

### 4.    Cumulative Error

Petitioner argues that the cumulative effect of alleged errors at trial deprived him of his right to a fair trial.  These alleged errors include: (1) prosecutorial misconduct; (2) ineffective assistance of trial counsel; and (3) that "[he] was not made aware of the consequences of waiving his [right to a jury trial][4]."  Pet. ¶ 22F.

As discussed *supra*, each of the individual errors Petitioner cites are either meritless or procedurally barred from review by this Court.  Accordingly, Petitioner's claim that cumulative error deprived him of his right to a fair trial provides no basis for habeas relief and is dismissed.

---

[4]      In the habeas petition, Petitioner states:  "Petitioner was not made aware of the consequences of waiving his."  Pet. ¶ 22F.  Presumably, Petitioner intended this sentence to read:  "Petitioner was not made aware of the consequences of waiving his right to a jury trial."

**V.    Conclusion**

For the reasons stated above, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the petition is dismissed. Because Petitioner has failed to make "a substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), I decline to issue a certificate of appealability. See, e.g., Lucidore v. New York State Div. of Parole, 209 F.3d 107, 111-113 (2d Cir. 2000). The Court also hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. Coppedge v. United States, 369 U.S. 438 (1962).

Petitioner must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED.**

S/Michael A. Telesca

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:    April 25, 2011
          Rochester, New York